IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| M.D. DIET WEIGHT LOSS AND NUTRITION CLINIC, L.C., a Utah limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>ABSOLUTE WEIGHT LOSS AND NUTRITION CENTER, LLC, a Utah limited liability company; and LESLIE CRANMER, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THIRD-PARTY KELLI BEHLE'S MOTION FOR STAY AND STAYING CASE<br><br><br><br>Case No. 2:05-CV-605 TS |
| ABSOLUTE WEIGHT LOSS AND NUTRITION CENTER, LLC; LESLIE CRANMER,<br>   Counterclaimants and Third-Party Plaintiffs,<br><br>    vs.<br><br>M.D. DIET WEIGHT LOSS AND NUTRITION CLINIC, L.C.; KELLI BEHLE,<br>   Counterdefendants and Third-Party Defendants. | |

1

This matter comes before the Court on Third-Party Defendant Kelli Behle's Motion for Stay, filed July 20, 2006.[1]  An opposition[2] was filed August 7, 2006, and the reply[3] was filed August 21, 2006.  The instant Motion was set for hearing on August 24, 2006.  However, the Court finds that a hearing on this matter is not necessary to its resolution.  Having considered the pleadings, the file, the case law, and being otherwise fully informed, the Court will grant the Motion and stay this case pending the resolution of the criminal case against Behle.

I.  <u>DISCUSSION</u>

The decision to stay a case is clearly within the discretionary authority of the Court, if the interests of justice so require.[4]  "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . . ."[5]  Although "the Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings . . . a court may decide in its discretion to stay civil proceedings."[6]

---

[1] Docket No. 68.  The Court notes that the docket incorrectly reflects that this Motion was granted by the Court's August 7, 2006 Order, docket no. 81.  To the contrary, the Court disposed of other pending motions in that order, and the instant Motion to Stay was set for hearing.

[2] Docket No. 80.

[3] Docket No. 84.

[4] *See Tr. of the Plumbers and Pipefitters Nat'l Pension Fund, et al., v. Transworld Mech., Inc., et al.*, 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995).

[5] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal citations omitted).

[6] *SEC v. Dresser Indust.*, 628 F.2d 1368, 1375 (D.C.Cir. 1980).

In making its determination of whether to grant a stay in this case, the Court considers the six factors set forth in the *Transworld* case:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.[7]

As set forth more fully below, the Court finds that all of these factors weigh in favor of granting a stay in this case.

### A.     Overlap of issues.

Behle is charged in the state criminal case with insurance fraud, unlawful distribution of controlled substances to patients, and false representation as a medical practitioner.[8] In the Counterclaim and Third-Party Complaint,[9] Cranmer and Absolute allege that M.D. Diet and Behle "are engaged in the practice of medicine without a license," and "are engaged in the unlawful practice of providing the services of a physician assistant while not under the supervision of a supervising physician."[10]

---

[7] *Transworld*, 886 F.Supp. at 1139 (internal citations omitted).

[8] *See* Docket No. 70, at 5.

[9] Docket No. 24.

[10] *Id.* at 31, ¶¶ 51, 52.

The Court finds that this overlap is significant. Cranmer and Absolute do not deny that the state charges stem from Behle's operation of the M.D. Diet.[11] Although the criminal charges do not touch other issues before the Court in this case, the overlap of these issues – brought by Cranmer and Absolute – is critical. The *Transworld* court noted that "self-incrimination is more likely if there is a significant overlap."[12]

Accordingly, this factor weighs in favor of granting a stay.

B.  Status of criminal case.

Behle has already been criminally charged in the state court system. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."[13]

This case does not involve a threat of criminal prosecution but, rather, such action is already underway. The potential for self-incrimination is, consequently, much more real and weighs in favor of a granting a stay.

---

[11] *Id.*

[12] *Transworld*, 866 F.Supp. at 1139.

[13] *Id.* (internal citations omitted).

C.  Balancing of interests.

The Court notes initially that Absolute and Cranmer's argument that the factors contemplate that a civil defendant, not plaintiff, is the party advocating a stay,[14] is misplaced. This issue arises out of Behle's position as the Third-Party Defendant in this case, not a plaintiff. As previously noted, it was Absolute and Cranmer who brought Behle in as a party and made the relevant accusations.  Therefore, the factors herein are wholly applicable.

The interests of Plaintiff M.D. Diet and Third-Party Defendants M.D. Diet and Behle are best served by a stay in this matter.  Behle has a significant interest in "avoiding the quandary of choosing between waiving [her] Fifth Amendment rights or effectively forfeiting the civil case."[15]  This important interest outweighs Cranmer and Absolute's "legitimate interest in the expeditious resolution of their case."[16]

A stay will also serve to further interests of Cranmer and Absolute.  The Court notes that the threat of a looming Motion for Preliminary Injunction identified by Cranmer and Absolute is now moot, as the Court recently denied that Motion, without prejudice.[17]  Resolution of the criminal case may result in a more efficient resolution of this civil case because the scope of discovery may be reduced due to evidence gathered during the criminal prosecution.  Moreover,

---

[14] Docket No. 80, at 9.

[15] *Transworld*, 886 F.Supp. at 1140.

[16] *Id.*

[17] Docket No. 81.

whatever the outcome of the criminal case, the possibility of settlement in this case may be increased.

The Court's interests are also served by the granting of a stay in this case.  In addition to the interests of the parties noted above, which also further the interest of the Court, judicial efficiency also calls for a stay.  Allowing this case to proceed without full discovery being permitted would be inefficient to both the Court and the parties.  Finally, the Court finds that a stay would not harm the public interest, for the reasons just set forth.

Therefore, the Court finds that, considering the factors discussed above, and given the totality of the circumstances, the interests of justice require a stay of his case until the resolution of the criminal case against Behle.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Plaintiff's Motion to Stay (Docket No. 68) is GRANTED.  It is further

ORDERED that this case is STAYED pending the resolution of the criminal matter against Third-Party Defendant Behle.  The parties are directed to notify the Court in writing within ten (10) days of such a resolution.

SO ORDERED.

DATED   August 24, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge